Samuel C. Means (SBN 349032)
Chase.means@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310.586.7700

Eric J. Maiers (*pro hac vice* to be filed)
eric.maiers@gtlaw.com
Matthew J. Levinstein (*pro hac vice* to be filed)
levinsteinm@gtlaw.com
GREENBERG TRAURIG, LLP
360 N. Green St., Suite 1300
Chicago, IL 60607
T: 312.456.8400
F: 312.456.8435

*Attorneys for Defendant Globe Electric Company (U.S.A.), Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| PACEM IP HOLDINGS LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GLOBE ELECTRIC COMPANY (U.S.A.), INC., a Delaware corporation,<br><br>Defendant. | Case No.: 2:26-cv-00943-MWC-BFM<br>Hon. Michelle Williams<br><br>**DEFENDANT GLOBE ELECTRIC COMPANY (U.S.A.), INC.'S MOTION TO DISMISS FOR IMPROPER VENUE**<br><br>*[Declaration of Howard Tafler; and [Proposed] Order Filed Concurrently]*<br><br>Hearing Date:   May 15, 2026<br>Time:   1:30 PM<br>Place:   Courtroom 6A<br>Action Filed:   January 29, 2026 |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on May 15, at 1:30 p.m. in Courtroom 6A of the above-captioned Court, located at First Street, Los Angeles, CA, Defendant Globe Electric Company (U.S.A.), Inc. ("Globe") will and hereby does respectfully move for an order dismissing Plaintiff Pacem IP Holdings LLC's Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(6). Venue is improper under the 28 U.S.C. § 1400(b) because: (i) Globe is a Delaware corporation and does not "reside" in this District; and (ii) Globe does not have a regular and established place of business in this District. The Court should therefore grant Globe's motion to dismiss for improper venue.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 24, 2026.

DATED: April 8, 2026                    GREENBERG TRAURIG, LLP

                                        By:   /s/ Samuel C. Means
                                        Samuel C. Means (SBN 349032)
                                        GREENBERG TRAURIG, LLP

                                        *Attorney for Defendant Globe Electric Company (U.S.A.), Inc.*

1

DEFENDANT GLOBE ELECTRONIC COMPANY (U.S.A.), INC.'S MOTION TO DISMISS FOR IMPROPER VENUE

CASE NO. 2:26-cv-00943

## MEMORANDUM AND POINTS OF AUTHORITIES

### I.   INTRODUCTION

Defendant Globe Electric Company (U.S.A.), Inc., ("Defendant" or "Globe") hereby respectfully moves to dismiss Plaintiff Pacem IP Holdings LLC's ("Plaintiff") patent infringement case for improper venue under 28 U.S.C. § 1400(b). Venue is improper under both prongs of § 1400(b). Venue is improper under the first prong of § 1400(b) because Globe is a Delaware corporation and does not "reside" in this District. Venue is improper under the second prong of § 1400(b) because Globe does not have a regular and established place of business in this District. Specifically, Globe does not maintain any physical place of business in California, let alone a place of business where its employees physically and regularly conduct business.

### II.   FACTUAL BACKGROUND

#### A.   Pacem's Allegations.

Plaintiff accuses Defendant of infringing six patents directed to LED lamps. (Compl., Dkt. No. 1, ¶¶ 1, 37-112.)[1]  Though Plaintiff concedes that Defendant is incorporated in Delaware (*id.*, ¶ 8), Plaintiff alleges that venue is proper because "Defendant has committed acts of infringement in this District by selling, importing, and offering for sale products alleged to infringe Pacem's patents through . . . its location at 2264 East 6th Street, San Bernardino, California 92410." (*Id.*, ¶ 12.)

#### B.   Defendant Is Incorporated In Delaware And Does Not Have A Regular Place Of Business In This District.

Globe is a Delaware corporation. (Declaration of Howard Tafler ("Tafler Decl."), **Exhibit 1**, ¶ 2.) Globe distributes the Globe Accused Products across the United States. (*Id.,* ¶ 7.)

Globe does not have a physical place of business, office, or warehouse in

---

[1] Plaintiff accuses Globe's Electric ST19 Vintage Bulb, Electric G25 Smart Filament Bulb, and Electric B11 Vintage Bulb ("the Globe Accused Products") of infringement. (*Id.* ¶¶ 2, 38, 50, 64, 75, 87, 101.)

DEFENDANT GLOBE ELECTRONIC COMPANY (U.S.A.), INC.'S MOTION TO DISMISS FOR IMPROPER VENUE

CASE NO. 2:26-cv-00943

California. (*Id.* ¶ 3.) Globe does not own, lease, or control any stores, warehouses, or other locations in California. (*Id.*, ¶ 4.) Globe also does not have any employees or agents physically and regularly transacting business in California. (*Id.*, ¶ 5.) Globe has approximately 7 employee sales representatives that identify and solicit buyers and contract with those buyers to ultimately sell the Globe Accused Products (among others) in the United States. (*Id.*, ¶ 8.) None of Globe's employee sales representatives live or work in California. (*Id.*, ¶ 9.)

## III. THE COURT SHOULD DISMISS THE COMPLAINT FOR IMPROPER VENUE.

Venue in patent infringement actions is governed exclusively by 28 U.S.C. § 1400(b). *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519-21 (2017). "[T]he plaintiff has the burden of establishing proper venue under 28 U.S.C. § 1400(b)." *Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1381-82 (Fed. Cir. 2019. "Any civil action for patent infringement may be brought in the judicial district where [1] the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Under the first prong of § 1400(b), "a domestic corporation 'resides' only in its State of incorporation." *TC Heartland*, 137 S. Ct. at 1517. Personal jurisdiction alone cannot establish residency under § 1400(b). *See id.* Under the second prong, three requirements must be met to show that a defendant has a regular and established place of business in a district: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant" (collectively, the "*Cray* Factor(s)"). *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.*

### A. Globe Does Not "Reside" In This District.

"[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *See TC Heartland*, 137 S. Ct. at 1517. Globe is incorporated

3

DEFENDANT GLOBE ELECTRONIC COMPANY (U.S.A.), INC.'S MOTION TO DISMISS FOR IMPROPER VENUE
CASE NO. 2:26-cv-00943

in Delaware. (Tafler Decl., Ex. 1, ¶ 2.) Therefore, Globe does not "reside" in this District within the meaning of the first prong of 28 U.S.C. § 1400(b). Accordingly, venue is improper as to Globe under the first prong of §1400(b).

### B. Globe Does Not Have A Physical, "Regular And Established Place Of Business" In This District.

Globe does not have a physical, regular and established place of business sufficient to establish venue under the second prong of § 1400(b). *See* 28 U.S.C. § 1400(b). "[A] 'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020). Globe does not have any physical place of business in California. (Tafler Decl., Ex. 1, ¶ 3.) Globe does not own, lease, or control any stores, warehouses, or other locations in California. (*Id.*, ¶ 4.) None of Globe's employee sales representatives live or work in this California. (*Id.*, ¶ 9.) For these reasons, Globe does not have a physical, regular and established place of business in this District, and venue is therefore improper under § 1400(b).

Plaintiff's allegation relating to the San Bernadino Distribution Center does not establish venue under the second prong of § 1400(b). Using third-party warehouses to store and distribute products does not render such warehouses "regular and established" places of business *of a defendant*. *Reflection, LLC v. Spire Collective LLC*, No. 17- cv-1603, 2018 WL 310184, at *3-4 (S.D. Cal., Jan. 5, 2018); *CKI 2712218 LLC v. G & L Decor Inc.,* No. 9:24-cv-81447, Dkt. No. 25, at 5-9 (S.D. Fla. Apr. 17, 2025), **Exhibit 2** (venue improper where defendant only stores and distributes products from Amazon warehouses); *see also Peerless Network, Inc. v. Blitz Telecom Consulting, LLC,* No. 17-CV-1725 (JPO), 2018 WL 1478047, at *5 (S.D.N.Y. Mar. 26, 2018) ("whatever a 'place of business' is, it is not a shelf"). Plaintiff alleges that venue is proper because Globe maintains a regular and established place of business at 2264 East 6th Street, San

DEFENDANT GLOBE ELECTRONIC COMPANY (U.S.A.), INC.'S MOTION TO DISMISS FOR IMPROPER VENUE

Bernardino, California 92410 (the "San Bernardino Distribution Center"). (Compl., Dkt. No. 1, ¶ 12.) But the San Bernardino Distribution Center is not Globe's place of business. (Tafler Decl., Ex. 1, ¶ 11.) As noted above, Globe does not own, lease, or control *any* office, warehouse, or other physical location in California. (*Id.*, ¶ 4.) The San Bernardino Distribution Center is a warehouse held out as a place of business for Weber Logistics. (*See* **Exhibit 3**, Weber Logistics Webpage – San Bernardino Warehouse, https://www.weberlogistics.com/locations/san-bernardino-warehouse.) Globe does not exercise any control over Weber Logistics or the San Bernardino Distribution Center. (Tafler Decl., Ex. 1, ¶ 12.) Moreover, Globe does not have any employees or agents who physically and regularly conduct business at the San Bernardino Distribution Center. (*Id.*, ¶ 13.) In sum, Weber Logistics' San Bernardino Distribution Center cannot support venue as to Globe because it is not Globe's place of business, Globe does not control it, and Globe does not have employees physically and regularly transacting business at that location.

Accordingly, this Court should dismiss the case against Globe because venue is improper.

## IV.    CONCLUSION

In view of the foregoing, the Court should grant Defendant's motion to dismiss for lack of venue.

DATED: April 8, 2026                    GREENBERG TRAURIG, LLP

By:    */s/ Samuel C. Means*
Samuel C. Means (SBN 349032)
Chase.means@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310.586.7700

Eric J. Maiers (*pro hac vice* to be filed)
eric.maiers@gtlaw.com

5

Matthew J. Levinstein (*pro hac vice* to be filed)
levinsteinm@gtlaw.com
GREENBERG TRAURIG, LLP
360 N. Green St., Suite 1300
Chicago, IL 60607
T: 312.456.8400


*Attorneys for Defendant Globe Electric
Company (U.S.A.), Inc.*

6

DEFENDANT GLOBE ELECTRONIC COMPANY (U.S.A.), INC.'S MOTION TO DISMISS FOR IMPROPER VENUE

## CERTIFICATE OF SERVICE

The undersigned certifies that on 8th of April, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of **DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE** through the Court's CM/ECF system under Local Rule CV-5(a)(3).

*/s/ Samuel C. Means*
Samuel C. Means

7

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7-3, the undersigned certifies that a reasonable effort has been made to reach agreement with counsel for Plaintiff on matters set forth in the foregoing motion, including a meet and confer on March 24, 2026.

*/s/ Matthew J. Levinstein*

Matthew J. Levinstein

8

DEFENDANT GLOBE ELECTRONIC COMPANY (U.S.A.), INC.'S MOTION TO DISMISS FOR IMPROPER VENUE

CASE NO. 2:26-cv-00943