Jack Shaw (SBN 309382)
jshaw@cjsjlaw.com
Alejandro Echeverria (SBN 355375)
aecheverria@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES PC**
8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231
Telephone: (254) 732-2242

*Attorneys for Plaintiff*

Samuel C. Means (SBN 349032)
Chase.means@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700

Eric J. Maiers (*pro hac vice to be filed*)
eric.maiers@gtlaw.com
Matthew J. Levinstein (*pro hac vice*)
levinsteinm@gtlaw.com
Erik M. Bokar (*pro hac vice* to be filed)
bokare@gtlaw.com
**GREENBERG TRAURIG, LLP**
360 N. Green St., Suite 1300
Chicago, IL 60607
Telephone: (312) 456-8400

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACEM IP HOLDINGS LLC, | **Case No. 2:26-cv-00943-MWC-BFM** |
| Plaintiff, | |
| v. | **Joint Rule 26(f) Report** |
| GLOBE ELECTRIC COMPANY (U.S.A.), INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

1

**JOINT RULE 26(f) REPORT**
Case No. 2:26-cv-00943-MWC-BFM

Plaintiff Pacem IP Holdings LLC ("Pacem") and Defendant Globe Electric Company (U.SA.), Inc. ("Globe") (collectively, "Parties") submit this Joint Rule 26(f) Report pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order Setting Scheduling Conference.

## A.    Statement of the Case

### 1.    Plaintiff's Statement

This is a patent infringement action. Pacem alleges that Globe infringes U.S. Patent Nos. RE48,489, 8,591,062, 8,684,559, 9,410,687, 8,752,983, and 10,260,683 (collectively, the "Patents-in-Suit") through the manufacture, use, offer or sale, sale, and/or importation of certain LED lamp products. Pacem seeks monetary damages and other reliefs.

### 2.    Defendant's Statement

Defendant is a manufacturer and distributor of electrical lighting products. Defendant contends that the Patents-in-Suit are not infringed, invalid, and/or unenforceable.  Defendant also contends that this is an exceptional case under 35 U.S.C. § 285 and that it is entitled to its costs and attorneys' fees.  Defendant reserves the right to identify additional claims and defenses in its forthcoming Answer.

## B.    Subject Matter Jurisdiction and Venue

Pacem alleges that subject-matter jurisdiction exists under 28 U.S.C. §§ 1331 and 1338(a). On May 14, 2026, the Court denied Globe's Motion to Dismiss for improper venue.  (D.E. 33.)

## C.    Legal Issues

The key legal issues include, but are not limited to, the following:

**Infringement/Noninfringement.**

Pacem contends that Defendant infringes the Patents-in-Suit at least by selling, without authorization, Plaintiff's proprietary technologies in a number of their commercial products including, *inter alia*, the Globe Electric ST19 Vintage Bulb,

2

Globe Electric G25 Smart Filament Bulb, Globe Electric B11 Vintage Bulb, and other substantially similar products (collectively, the "Accused Products"). Pacem contends that these Accused Products are marketed, offered, and distributed throughout the United States, including in this District.

Defendant contends that Defendant does not infringe the Patents-in-Suit, directly or indirectly, literally or under the doctrine of equivalents.

**Patent Validity/Enforceability.**

Pacem contends the Patents-in-Suit are valid and enforceable.

Globe contends that the Patents-in-Suit are invalid and/or unenforceable.

**Attorneys' Fees (Exceptional Case).**

Pacem contends this is an exceptional case warranting fees under 35 U.S.C. § 285.

Defendant contends that this is an exceptional case under 35 U.S.C. § 285 and that it is entitled to its costs and attorneys' fees.

**Any Other Reliefs.**

Pacem seeks monetary damages including at least a reasonable royalty, costs, interest, and such other and further reliefs as the Court deems just and proper.

**D.    Damages**

Pacem seeks monetary damages adequate to compensate for the alleged infringement, including, but not limited to, at least a reasonable royalty, and, where supported by evidence, lost profits; Pacem also seeks prejudgment and post-judgment interest, supplemental or ongoing damages through judgment, and costs, all consistent with 35 U.S.C. § 284 and its Prayer for Relief.

Pacem states that it cannot presently provide a good-faith damages range because discovery has just begun.

Globe expects to seek attorneys' fees as the prevailing party pursuant to 35 U.S.C. § 285.

The parties anticipate that damages discovery will encompass sales, revenue, costs, and profit information for the Accused Products; any licensing and settlement agreements concerning the Patents-in-Suit and related technologies; marketing and technical materials relevant to demand and acceptable non-infringing alternatives; information relating to notice and marking, by Plaintiff, its predecessors-in-interest, and/or licensees; and evidence  demonstrating that this is an exceptional case under 35 U.S.C. 285.

**E.    Parties and Evidence**

**1.  Parties**

Plaintiff Pacem is a Texas limited liability company with its principal place of business at 17330 Preston Road, Suite 200D, Dallas, Texas 75252. Plaintiff contends it is the owner of the intellectual property rights at issue in this action.

Globe is a Delaware corporation having its principal place of business at 150 Oneida Avenue, Pointe-Claire, Quebec H9R1A8 Canada.

**2.  Percipient Witnesses**

Key fact witnesses likely will include respective corporate representatives of both Parties; inventors and persons knowledgeable regarding conception, reduction to practice, and prosecution of the Patents-in-Suit; and third parties such as former assignors, licensees, component suppliers, distributors, or retailers with knowledge regarding the Accused Products, prior art, marking, infringement, invalidity, licensing, and alleged use or sales.

Expert testimony is anticipated regarding infringement, noninfringement, validity, enforceability, damages, and relevant technical background. The parties propose the expert in the schedule filed herewith and agree that disclosures will comply with Rule 26(a)(2) and any governing orders.

**3.  Key Documents and Evidence**

Key documents in this case are expected to include (to the extent that they

4

exist): (1) the Patents and their prosecution histories (file histories) from the U.S. Patent and Trademark Office for the following patents: Patent Nos. RE48,489; 8,591,062; 8,684,559; 8,752,983; 9,410,687; and 10,260,683; (2) Defendant's technical documents, drawings, and specifications for the accused products; (3) communications between the Parties regarding the Patents-in-Suit or the accused products, excluding communications protected by Federal Rule of Evidence 408, and communications between either Party and third parties (such as customers, suppliers, etc.) concerning this case or the allegations of infringement; (4) sales records and related costs for the accused products, shipping records for the accused products, marketing materials for the accused products, licensing and settlement agreements related to the Patents-in-Suit and related technologies; (5) communications between either Party and third parties regarding U.S. Patent Nos. RE48,489; 8,591,062; 8,684,559; 8,752,983; 9,410,687; and 10,260,683, and their respective patent applications, and child or parent patent applications; (6) materials comprising or related to potential prior art to the Patents-in-Suit; (7) documents relating to the acquisition, monetization, and licensing of the Patents-in-Suit, including details surrounding the relationship between Plaintiff and its predecessors, successors, and/or licensees; (8) information related to priority of the Patents-in-Suit, including the conception and/or reduction to practice; (9) documents relating to any purported secondary considerations of non obviousness of the Patents-in-Suit; (10) documents relating to Plaintiff's and/or its predecessors' marking or requirement to mark any products embodying the Patents-in-Suit; (11) information related to the first sale, showing, or publication of any products purportedly embodying the Patents-in-Suit; (12) other information related to the correct measure of any alleged damages; and (13) potential third-party evidence related to prior art and licensing. Defendant reserves the right to identify additional areas of discovery based on the needs of the case.

**F.      Insurance**

**JOINT RULE 26(f) REPORT**
Case No. 2:26-cv-00943-MWC-BFM

The Parties will disclose any responsive insurance information in their initial disclosures, if applicable.

**G.   Manual for Complex Litigation**

The Parties do not believe that this case is complex or that it requires a reference to the procedures set forth in the Manual for Complex Litigation.

**H.   Motions**

At this time, the Parties do not anticipate any motions to add parties or to challenge the Court's jurisdiction. The parties anticipate motions relating to claim construction, discovery, and *Daubert*. They will meet and confer to narrow issues and present any disputes efficiently.

**I.   Dispositive Motions**

The primary issues in this case, whether the Accused Products infringe the Patents-in-Suit and any related defenses, may be appropriate for resolution on dispositive motion after discovery and claim construction.

**J.   Status of Discovery**

The Parties agree to electronic means (by email) for service under FRCP Rule 5 in this case.

**Initial Disclosures.** The Parties have not yet exchanged their Rule 26(a)(1) initial disclosures.

**K.   Discovery Plan**

**1.   Rule 26(f)(3)(A)—Changes to the timing, form, or disclosures under Rule 26(a)**

The Parties believe that discovery should be limited to the defaults provided in the Federal Rules of Civil Procedure except as otherwise indicated herein. The Parties agree that the deadline for initial disclosure should be within 14 days of the Rule 26(f) conference, and they will supplement those disclosures as needed.

**2.   Rule 26(f)(3)(B)—Subjects on which discovery may be needed, when**

6

**JOINT RULE 26(f) REPORT**
Case No. 2:26-cv-00943-MWC-BFM

**discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**

Discovery will be needed on all factual matters relevant to the claims and defenses in this case. In particular, the Parties anticipate conducting discovery on at least the following subjects:

Infringement and noninfringement; validity and enforceability; conception, reduction to practice, and priority; prior art; design, operation, and technical documents for the accused products; any licenses related to the Patents-in-Suit; damages, including sales, costs, and profits; secondary considerations; and the issues identified above in Section E.3.

3. **Rule 26(f)(3)(C)—Issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

To the extent warranted, the Parties intend to negotiate and submit an ESI Protocol addressing custodians, search methodologies, metadata fields, deduplication, and production formats (e.g., TIFF/PDF with load files and natives for spreadsheets, presentations, and other files as appropriate).

To the extent warranted, the Parties will agree to a separate E-Discovery agreement relating to the search and production of email, which will include reasonable custodian and search-term limits.

There are no other discovery, disclosure, or ESI preservation issues at this time.

4. **Rule 26(f)(3)(D)—Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

The parties will incorporate a Rule 502(d) non-waiver provision in the

7

protective order to address inadvertent production.

**5. Rule 26(f)(3)(E)—What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

The Parties propose the default limits under the Federal Rules and Local Rules, reserving the right to seek adjustments for good cause in view of the number of asserted claims, accused products, and prior art references.

**6. Rule 26(f)(3)(F)—Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

The Parties will submit a proposed stipulated protective order providing for at least "Confidential" and "Attorneys' Eyes Only" designations, and, if necessary, a "Source Code" tier, to protect technical and financial information.

**L.    Expert Discovery**

The Parties' proposed dates for initial and rebuttal witness disclosures and expert discovery cut-off are:

<u>Plaintiff's Proposal</u>:

 a.  Initial Expert Reports (party with burden): 23 weeks before the FPTC.

 b.  Rebuttal Expert Reports: 21 weeks before the FPTC.

 c.  Close of Expert Discovery: 19 weeks before FPTC.

Plaintiff's proposed expert witness discovery follows the Court's template (Dkt. 21 at 10).

<u>Defendant's Proposal</u>:

 a.  Initial Expert Reports (party with burden): 60 days after claim construction order;

 b.  Rebuttal Expert Reports: 90 days after claim construction order; and

 c.  Close of Expert Discovery: 120 days after claim construction order.

Defendant's proposed expert witness discovery schedule is more efficient and

8

conserves resources.  By deferring expert discovery until after claim construction, experts can base their opinions on the Court's controlling constructions.  In contrast, Plaintiff's proposed expert discovery schedule (which is tied to the FPTC rather than the Court's claim construction order) risks wasteful expert discovery, requiring experts to advance and defend alternative infringement and invalidity positions tied to unresolved claim constructions.  Defendant's proposal avoids these unnecessary competing, alternative positions and streamlines expert discovery.

**M.    Settlement Conference / Alternative Dispute Resolution ("ADR")**

The Parties have considered the available ADR options. The Parties jointly prefer to participate in a settlement conference before a magistrate judge (who is not currently assigned to the instant case), subject to the Court's approval.

The Parties believe that a settlement conference supervised by a magistrate judge, likely after some discovery has taken place, would be the most efficient and cost-effective method to facilitate a possible resolution.

In particular, the Parties propose to complete a magistrate judge settlement conference by the deadline of May 21, 2027, as reflected in proposed schedule on the attached Worksheet. This timing would allow the Parties to have the benefit of fact discovery, if needed, before participating in the mandatory settlement conference. If the magistrate judge's schedule cannot accommodate the proposed timeframe, the Parties would be open to other dates at the magistrate judge's convenience.

Both Parties remain open to the possibility of settlement as the case proceeds even prior to a settlement conference.

**N.    Trial Estimate**

Pacem demands a jury trial on all triable issues and seeks damages and other relief. Globe also demands a jury trial.

The parties currently estimate a 4-5 day trial.

**O.    Trial Counsel**

9

**JOINT RULE 26(f) REPORT**
Case No. 2:26-cv-00943-MWC-BFM

For Plaintiff Pacem:

> Jack Shaw (SBN 309382)
> jshaw@cjsjlaw.com
> Alejandro Echeverria (SBN 355375)
> aecheverria@cjsjlaw.com
> **CHERRY JOHNSON SIEGMUND JAMES PC**
> 8140 Walnut Hill Lane, Suite 105
> Dallas, TX 75231
> Telephone: (254) 732-2242

For Defendant Globe:

> Samuel C. Means (SBN 349032)
> Chase.means@gtlaw.com
> **GREENBERG TRAURIG, LLP**
> 1840 Century Park East, Suite 1900
> Los Angeles, California 90067
> Telephone: (310) 586-7700
>
> Eric J. Maiers (*pro hac vice* to be filed)
> eric.maiers@gtlaw.com
> Matthew J. Levinstein (*pro hac vice*)
> levinsteinm@gtlaw.com
> Erik M. Bokar (*pro hac vice* to be filed)
> bokare@gtlaw.com
> **GREENBERG TRAURIG, LLP**
> 360 N. Green St., Suite 1300
> Chicago, IL 60607
> Telephone: (312) 456-8400

**P.    Magistrate Judge**

The Parties do not presently wish to have a Magistrate Judge preside over all the proceedings.

**Q.    Independent Expert or Master**

The Parties do not recommend that the Court consider appointing a master or independent scientific expert.

**R.    Schedule Worksheet**

Attached as **Exhibit A** is a completed copy of the Court's Worksheet with the Parties' positions as to requested pretrial and trial dates.

The Parties' proposed schedule in **Exhibit A** and the bullet points below reflect the Parties' request that the Court adopt a schedule specific for a patent infringement

10

**JOINT RULE 26(f) REPORT**
Case No. 2:26-cv-00943-MWC-BFM

case, which reflects the Court's Standing Order re Patent Cases (Dkt. 43), as requested to be modified and noted below:

a. **Disclosures of Asserted Claims and Infringement Contentions (S.P.R. 3-1) and Document Production Accompanying Disclosure (S.P.R. 3-2), as requested to be modified:** Not later than 28 days after the date currently set for Initial Case Management Conference (June 12, 2026).

b. **Invalidity Contentions (S.P.R. 3-3) and Document Production Accompanying Invalidity Contentions (S.P.R. 3-4), as requested to be modified:** Not later than 49 days after service of the Disclosure of Asserted Claims and Infringement Contentions.

c. **Amendments to Contentions (S.P.R. 3-6):** No later than 21 days after the issuance by the Court of its claim construction ruling, the party asserting patent infringement may seek leave to amend its Infringement Contentions. No later than 42 days after the issuance by the Court of its claim construction ruling, each party opposing patent infringement may seek leave to amend its Invalidity Contentions.

d. **Advice of Counsel (S.P.R. 3-7):** No later than 30 days after service by the Court of its claim construction ruling, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason shall disclose the existence of such reliance. The timing and scope of any resulting disclosures shall be governed by the Federal Rules of Civil Procedure and orders of the Court.

e. **Damages Contentions (S.P.R. 3-8), as requested to be modified:** Not later than 50 days after service of the Invalidity Contentions.

f. **Responsive Damages Contentions (S.P.R. 3-9), as requested to be modified:** Not later than 30 days after service of the Damages Contentions.

g. **Damages Contentions Meeting (S.P.R. 3-10):** Not later than 60 days after

11

the response date for any required disclosure under S.P.R. 3-9.

h. **Exchange of Proposed Terms for Construction (S.P.R. 4-1), as requested to be modified:** Not later than 28 days after service of the Invalidity Contentions.

i. **Exchange of Preliminary Constructions and Extrinsic Evidence (S.P.R. 4-2)**: Not later than 21 days after the exchange of the lists pursuant to S.P.R 4-1.

j. **Joint Claim Construction and Prehearing Statement and Expert Reports (S.P.R. 4-3):** Not later than 60 days after service of the "Invalidity Contentions."

k. **Completion of Claim Construction Discovery (S.P.R. 4-4)**: Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement.

l. **Opening Claim Construction Brief (S.P.R. 4-5(a))**: Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement.

m. **Responsive Claim Construction Brief (S.P.R. 4-5(b)):** Not later than 14 days after service of the opening claim construction brief.

n. **Reply Claim Construction Brief (S.P.R. 4-5(c)):** Not later than 7 days after service of the responsive claim construction brief.

o. **Claim Construction Hearing (S.P.R. 4-6):** Subject to the convenience of the Court's calendar, two weeks following submission of the reply brief specified in S.P.R. 4-5(c).

S. **Other Issues**

The Standing Patent Rules governing cases assigned to Judge Michelle Williams Court require the following issues to be discussed:

12

**JOINT RULE 26(f) REPORT**
Case No. 2:26-cv-00943-MWC-BFM

**i. Proposed modification of the obligations or deadlines set forth in these Standing Patent Rules to ensure that they are suitable for the circumstances of the particular case (see S.P.R 1-3).**

No modification of the obligations or deadlines set forth in these Standing Patent Rules, except as already stated above in this Joint Report, are proposed.

**ii. The scope and timing of any claim construction discovery (including disclosure of and discovery from any expert witness permitted by the court) and damages discovery.**

The deadlines for timing of claim construction discovery are discussed in Section R above. Claim construction discovery will include, for example: expert witnesses, expert depositions, extrinsic evidence such as dictionaries and technical treatises, inventor testimony and documents, prosecution history, and prior art references.

**iii. The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing.**

The Parties propose a standard claim construction hearing format appropriate for a simple mechanical device patent. The Parties anticipate that live testimony may be required, that live tutorials by an attorney and non-attorney may be required, and the hearing can be conducted based on the Parties' claim construction briefs, the intrinsic record, and any extrinsic evidence submitted with the briefs. Whether live testimony or tutorials will be required depends on which claim terms are disputed. For each disputed term, the Parties propose the following order of presentation: (1) Plaintiff's opening presentation, (2) Defendant's responsive presentation, and (3) Plaintiff's rebuttal. The Parties estimate the hearing will require approximately 2-3 hours, with each side receiving equal time for presentation and argument, subject to the Court's preferences and scheduling.

**JOINT RULE 26(f) REPORT**
Case No. 2:26-cv-00943-MWC-BFM

**iv. How the parties intend to educate the court on the technology at issue.**

The Parties will educate the Court on the technology through their claim construction briefs, which will include descriptions of the relevant technology and how the claimed invention works. The Parties anticipate that the technology at issue is straightforward and can be adequately explained through the patent specification, prosecution history, illustrative figures from the patent and slide presentation. The Parties do not anticipate the need for a tutorial or technical expert presentation separate from the claim construction hearing, but as noted above, live testimony and/or tutorials during the claim construction hearing may be necessary depending on which claim terms are disputed. If the parties ultimately do not contemplate live testimony or a tutorials, the parties defer to the Court's preference if the Court would find such a presentation helpful.

**v.  The parties shall provide the court with a non-binding, good-faith estimate of the damages range expected for the case along with an explanation for the estimates. If either party is unable to provide such information, that party shall explain why it cannot and what specific information is needed before it can do so. Such party shall also state the time by which it should be in a position to provide that estimate and explanation.**

Pacem states that it cannot presently provide a good-faith damages range because discovery has just begun, and will need damages information as to all of the Accused Products, which will be obtained during fact discovery.  Pacem expects to be able to provide a non-binding, good-faith estimate of the damages when Defendant Globe has substantially completed its document production.

Globe contends that Plaintiff is not entitled to damages.

14

**JOINT RULE 26(f) REPORT**
Case No. 2:26-cv-00943-MWC-BFM

May 19, 2026

**CHERRY JOHNSON SIEGMUND JAMES PC**

By:  */s/ Jack Shaw*
     Jack Shaw
     Alejandro D. Echeverria

*Attorneys for Plaintiff*


May 19, 2026

**GREENBERG TRAURIG, LLP**

By: */s/ Matthew J. Levinstein*
     Samuel C. Means
     Eric J. Maiers
     Matthew J. Levinstein
     Erik M. Bokar

*Attorney for Defendant*

15

**JOINT RULE 26(f) REPORT**
Case No. 2:26-cv-00943-MWC-BFM

## **SIGNATURE ATTESTATION**

I attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Jack Shaw*
Jack Shaw

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2026, I electronically filed the foregoing Notice of Appearance with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic service.

*/s/ Jack Shaw*
Jack Shaw

16

**JOINT RULE 26(f) REPORT**
Case No. 2:26-cv-00943-MWC-BFM