Samuel C. Means (SBN 349032)
Chase.means@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310.586.7700

Eric J. Maiers (*pro hac vice* to be filed)
eric.maiers@gtlaw.com
Matthew J. Levinstein (admitted *pro hac vice*)
levinsteinm@gtlaw.com
Erik M. Bokar (*pro hac vice* to be filed)
bokare@gtlaw.com
GREENBERG TRAURIG, LLP
360 N. Green St., Suite 1300
Chicago, IL 60607
T: 312.456.8400
F: 312.456.8435

*Attorneys for Defendant Globe Electric Company
(U.S.A.), Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE [Blank] DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACEM IP HOLDINGS LLC, a Texas limited liability company,<br><br>   *Plaintiff*,<br><br>  v.<br><br><br>GLOBE ELECTRIC COMPANY (U.S.A.), INC., a Delaware corporation,<br><br>   *Defendant*. | Case No.: 2:26-cv-00943-MWC-BFM<br>Hon. Michelle Williams Court<br><br>**DEFENDANT GLOBE ELECTRIC COMPANY (U.S.A.), INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**<br><br>Action Filed:  January 29, 2026<br><br> Jury Trial Demanded |

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Globe Electric Company (U.S.A.), Inc., by and through its attorneys, answer Plaintiff Pacem IP Holdings LLC's ("Plaintiff's" or "Pacem's") Complaint as set forth below.  Unless expressly admitted, Defendant denies the allegations in the Complaint.

## SUMMARY

1.      Plaintiff is the owner by assignment of all right, title and interest in United States Patent Nos. RE48,489, 8,591,062, 8,684,559, 9,410,687, 8,752,983, and 10,260,683 (collectively, the "Patents-in-Suit").

**ANSWER**: Defendant does not have sufficient information to admit or deny the allegations set forth in this Paragraph, and, therefore, denies them.

2.      Defendant infringes the Patents-in-Suit at least by selling, without authorization, Plaintiff's proprietary technologies in a number of their commercial products including, inter alia, Globe Electric ST19 Vintage Bulb, Globe Electric G25 Smart Filament Bulb, Globe Electric B11 Vintage Bulb, and other substantially similar products (collectively, the "Accused Products"). These Accused Products are marketed, offered, and distributed throughout the United States, including in this District.

**ANSWER**:  Denied.

3.      By this action, Plaintiff seeks to obtain compensation for the harm Plaintiff has suffered, and will continue to suffer, as a result of Defendant infringement of the Patents-in-Suit.

**ANSWER**:  Defendant admits that the Complaint alleges patent infringement of the Patents-in-Suit.  Defendant denies that Plaintiff is entitled to any compensation or relief from Defendant. Defendant specifically denies any infringement or harm alleged in the Complaint.

## NATURE OF THE ACTION

4.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.

**ANSWER**: To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Defendant admits that the Complaint purports to bring an action for patent infringement arising under 35 U.S.C. § 1 *et seq.* but denies that Defendant has committed any acts of infringement.

5.      Defendant has infringed and continues to infringe, and at least as early as the filing and/or service of this Complaint, has induced and continues to induce infringement of, and has contributed to and continues to contribute to infringement of, one or more claims of Plaintiff's Patents-in-Suit at least by making, using, selling, and/or offering to sell the Accused Products in the United States, including in this District, and/or by importing the Accused Products into the United States.

**ANSWER**: Denied.

6.      Plaintiff is the legal owner by assignment of the Patents-in-Suit, which were duly and legally issued by the United States Patent and Trademark Office ("USPTO"). Plaintiff seeks monetary damages for Defendants' infringement of the Patents-in- Suit.

**ANSWER**: Defendant does not have sufficient information to admit or deny the allegations set forth in this Paragraph, and, therefore, denies them. To the extent a response is deemed to be required, Defendant admits that the Complaint purports to seek damages for patent infringement.

## THE PARTIES

7.      Plaintiff Pacem IP Holdings LLC is a Texas limited liability company with its principal place of business at 17330 Preston Road, Suite 200D, Dallas, Texas 75252. Plaintiff is the owner of the intellectual property rights at issue in this action.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

**ANSWER**: Defendant does not have sufficient information to admit or deny the allegations set forth in this Paragraph and, therefore, denies them.

8.    On information and belief, Defendant Globe is a corporation organized and existing under the laws of the State of Delaware with a regular and established place of business at 2264 East 6th Street, San Bernardino, California 92410.

**ANSWER**: Admitted that Defendant is organized and existing under the laws of Delaware.  Defendant denies the remaining allegations set forth in this Paragraph.

9.    On information and belief, Defendant, through its online store, directly and/or indirectly distributes, markets, offers to sell, and/or sells the Accused Products in the United States and/or import the Accused Products into the United States, including in the Central District of California, and otherwise directs infringing activities to this District in connection with the Accused Products.

**ANSWER**: To the extent the remaining allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Defendant admits that it distributes and sells products in the United States, including in California.  Defendant denies the remaining allegations set forth in this Paragraph.

## JURISDICTION AND VENUE

10.    As this is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., this Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**: To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Defendant admits that the Complaint purports to bring an action for patent infringement arising under 35 U.S.C. § 1 *et seq.* and that 28 U.S.C. §§ 1331 and 1338(a) provide for subject matter jurisdiction in this District but denies that Defendant has committed any acts of infringement.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

11.    This Court has personal jurisdiction over Defendant because Defendant has conducted and does conduct business within the State of California and within this District. Defendant purposefully and voluntarily sold one or more of the infringing products with the expectation that they will be purchased and used by consumers in this District. These infringing products have been and continue to be purchased by and used by consumers in this District. Furthermore, Defendant has a place of business in this District at 2264 East 6th Street, San Bernadino, California 92410. Defendant has committed acts of patent infringement within the United States and, more particularly, within this District.

**ANSWER**: Defendant denies the allegations to the extent inconsistent with its motion to dismiss for improper venue. (Dkt. Nos. 20 (Motion), 27 (Reply).) Defendant does not contest personal jurisdiction for this matter only.

12.    Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this District by selling, importing, and offering for sale products alleged to infringe Pacem's patents, including through at least its location at 2264 East 6th Street, San Bernardino, California 92410, which constitutes a regular and established place of business of Defendant within this District.

**ANSWER**:  Denied. The Court denied Defendant's Motion to Dismiss for Improper Venue.  Accordingly, Defendant further denies the allegations in this Paragraph as moot.

## PATENTS-IN-SUIT

### U.S. Patent No. RE48,489

13.    U.S. Patent No. RE48,489 (the "'489 Patent") is titled "Gas cooled LED lamp" and was issued on March 30, 2021. A true and correct copy of the '489 Patent is attached as Exhibit A.

**ANSWER**: Defendant admits that, on its face, the '489 patent is titled "Gas Cooled LED Lamp" and bears a reissue date of March 30, 2021.  Defendant admits that Plaintiff purports to attached a copy of the '489 patent as Exhibit A to the Complaint.

14.    The '489 Patent was filed on February 26, 2018 as U.S. Patent Application No. 15/904,789.

**ANSWER**: Defendant admits that, on its face, '489 patent purports to show that U.S. Patent Application No. 15/904,789 was filed on February 26, 2018.

15.    Plaintiff is the owner of all rights, title, and interest in and to the '489 Patent, with the full and exclusive right to bring suit to enforce the '489 Patent, including the right to recover for past infringement.

**ANSWER**: To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

16.    The '489 Patent is valid and enforceable under United States Patent Laws.

**ANSWER**: To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, denied.

### U.S. Patent No. 8,591,062

17.    U.S. Patent No. 8,591,062 (the "'062 Patent") is titled "LED Lamp" and was issued on November 26, 2013. A true and correct copy of the '062 Patent is attached as Exhibit B.

**ANSWER**: Defendant admits that, on its face, the '062 patent is titled "LED Lamp" and bears an issue date of November 26, 2013.  Defendant admits that Plaintiff purports to attached a copy of the '062 patent as Exhibit B to the Complaint.

18. The '062 Patent was filed on March 1, 2013 as U.S. Patent Application No. 13/781,847

**ANSWER**: Defendant admits that, on its face, the '062 patent purports to show that U.S. Patent Application No. 13/781,847 was filed on March 13, 2013.

19. Plaintiff is the owner of all rights, title, and interest in and to the '062 Patent, with the full and exclusive right to bring suit to enforce the '062 Patent, including the right to recover for past infringement.

**ANSWER**: To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

20. The '062 Patent is valid and enforceable under United States Patent Laws.

**ANSWER**: To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, denied.

### U.S. Patent No. 8,684,559

21. U.S. Patent No. 8,684,559 (the "'559 Patent") is titled "Solid state light source emitting warm light with high CRI" and was issued on April 1, 2014. A true and correct copy of the '559 Patent is attached as Exhibit C.

**ANSWER**: Defendant admits that, on its face, the '559 patent is titled "Solid state light source emitting warm light with high CRI" and bears an issue date of April 1, 2014. Defendant admits that Plaintiff purports to attached a copy of the '559 patent as Exhibit C to the Complaint.

22. The '559 Patent was filed on June 4, 2010 as U.S. Patent Application No. 12/794,491.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

**ANSWER:** Defendant admits that, on its face, the '559 patent purports to show that U.S. Patent Application No. 12/794,491 was filed on June 4, 2010.

23. Plaintiff is the owner of all rights, title, and interest in and to the '559 Patent, with the full and exclusive right to bring suit to enforce the '559 Patent, including the right to recover for past infringement.

**ANSWER**: To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

24. The '559 Patent is valid and enforceable under United States Patent Laws.

**ANSWER**: To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, denied.

### U.S. Patent No. 9,410,687

25. U.S. Patent No. 9,410,687 (the "'687 Patent") is titled "LED lamp with filament style LED assembly" and was issued on August 9, 2016. A true and correct copy of the '687 Patent is attached as Exhibit D.

**ANSWER**: Defendant admits that, on its face, the '687 patent is titled "LED lamp with filament style LED assembly" and bears an issue date of August 9, 2016. Defendant admits that Plaintiff purports to attached a copy of the '687 patent as Exhibit D to the Complaint.

26. The '687 Patent was filed on February 22, 2013 as U.S. Patent Application No. 13/774,078.

**ANSWER**: Defendant admits that, on its face, the '687 patent purports to show that U.S. Patent Application No. 13/774,078 was filed on February 22, 2013.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

27.    Plaintiff is the owner of all rights, title, and interest in and to the '687 Patent, with the full and exclusive right to bring suit to enforce the '687 Patent, including the right to recover for past infringement.

**ANSWER**: To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

28.    The '687 Patent is valid and enforceable under United States Patent Laws.

**ANSWER**: To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, denied.

### U.S. Patent No. 8,752,983

29.    U.S. Patent No. 8,752,983 (the "'983 Patent") is titled "Gas cooled LED lamp" and was issued on June 17, 2014. A true and correct copy of the '983 Patent is attached as Exhibit E.

**ANSWER**: Defendant admits that, on its face, the '983 patent is titled "Gas Cooled LED Lamp" and bears an issue date of June 17, 2014. Defendant admits that Plaintiff purports to attached a copy of the '983 patent as Exhibit E to the Complaint.

30.    The '983 Patent was filed on March 1, 2013 as U.S. Patent Application No. 13/781,844.

**ANSWER**: Defendant admits that, on its face, the '983 patent purports to show that U.S. Patent Application No. 13/781,844 was filed on March 1, 2013.

31.    Plaintiff is the owner of all rights, title, and interest in and to the '983 Patent, with the full and exclusive right to bring suit to enforce the '983 Patent, including the right to recover for past infringement.

**ANSWER**: To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

32.	The '983 Patent is valid and enforceable under United States Patent Laws.

**ANSWER**: To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, denied.

### U.S. Patent No. 10,260,683

33.	U.S. Patent No. 10,260,683 (the "'683 Patent") is titled "Solid-state lamp with LED filaments having different CCT's" and was issued on April 16, 2019. A true and correct copy of the '683 Patent is attached as Exhibit F.

**ANSWER**: Defendant admits that, on its face, the '683 patent is titled "LED lamp with filament style LED assembly" and bears an issue date of April 16, 2019. Defendant admits that Plaintiff purports to attached a copy of the '683 patent as Exhibit F to the Complaint.

34.	The '683 Patent was filed on May 10, 2017 as U.S. Patent Application No. 15/591,646.

**ANSWER**: Defendant admits that, on its face, the '683 patent purports to show that U.S. Patent Application No. 15/591,646 was filed on May 10, 2017.

35.	Plaintiff is the owner of all rights, title, and interest in and to the '683 Patent, with the full and exclusive right to bring suit to enforce the '683 Patent, including the right to recover for past infringement.

**ANSWER**: To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

36.    The '683 Patent is valid and enforceable under United States Patent Laws.

**ANSWER**: To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, denied.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. RE48,489

37.    Plaintiff incorporates by reference and re-alleges the foregoing paragraphs as if fully set forth herein.

**ANSWER**: Defendant incorporates by reference its answers to Paragraphs 1 through 36, *supra*, as if set forth in full herein.

38.    Defendant has infringed and is infringing, either literally or under the doctrine of equivalents, the '489 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license products, including but not limited to the Globe Electric ST19 Vintage Bulb, Globe Electric G25 Smart Filament Bulb, and Globe Electric B11 Vintage LED, among other substantially similar products (collectively, the "'489 Accused Products").

**ANSWER**:  Denied.

39.    By way of non-limiting example(s), set forth below (with claim language in bold and italics) is exemplary evidence of infringement of claim 11 of the '489 Patent by the '489 Accused Products. This description is based on publicly available information. Plaintiff reserves the right to modify this description,

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-11-

including, for example, on the basis of information about the '489 Accused Products that it obtains during discovery.

**ANSWER**: Denied.

40.    11(a): A lamp comprising: an optically transmissive enclosure; — The Globe Electric G25 Smart Filament Bulb is a lamp comprising an optically transmissive enclosure as seen in Figure lA - 1:



*Figure 1A - 1*

**ANSWER**: Denied.

41.    11(b): an LED array disposed in the optically transmissive enclosure to be operable to emit light when energized through an electrical connection, the LED array being thermally coupled to the enclosure; and        The Globe Electric G25 Smart Filament Bulb comprises an LED array disposed in the optically transmissive enclosure that is operable to emit light when energized through an electrical

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

connection, the LED array being thermally coupled to the enclosure via at least helium gas as seen in Figure lA — 2 to Figure lA - 3:



Figure 1A - 2



Figure 1A - 3

**ANSWER**:  Denied.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

42.     11(c): an electrically insulating base comprising an upper part that is connected to the enclosure and a separate lower part that is a separate component from the upper part and that is joined to the upper part and an electrical connector connected to the lower part that forms part of the electrical connection to the LED assembly.     The Globe Electric G25 Smart Filament Bulb comprises an electrically insulating base with an upper section attached to the enclosure and a separate lower



Figure 1A - 4

part that is joined to the upper part, and an electrical connector to the lower part that forms part of the electrical connection to the LED assembly as seen in Figure lA -4 to Figure 1A-6: —



Figure 1A - 5

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT



Figure 1A - 6

**ANSWER**:  Denied.

43.    At least as early as the filing of the original Complaint, Defendant had knowledge of the '489 Patent, that the '489 Patent was being infringed and that Defendant was not granted a license by Plaintiff. Upon information and belief, Defendant has continued to make, use, sell, offer for sale or import the '489 Accused Products with and despite the foregoing knowledge.

**ANSWER**:  Denied.

44.    Defendant has continued to actively induce infringement of the '489 Patent by, for example, selling the '489 Accused Products to others with the intention that they will use the Accused Products without Plaintiff's license or permission and actively encouraging the unauthorized making of the '489 Accused

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Products by third parties from whom Defendant purchases the LED packages used or incorporated into the '489 Accused Products.

**ANSWER**: Denied.

45. By and through its actions, Defendant has also continued active contributory infringement of the '489 Patent. Defendant has, for example, continued to purchase and incorporate into the '489 Accused Products LED packages and components that it knows are material to the practicing of the claimed inventions and have no substantial non-infringing use other than as a component of LED products accused herein. Upon information and belief, the LED packages and components with the structure, function and operation of the claimed inventions were specifically selected by Defendant for use in the '489 Accused Products.

**ANSWER**: Denied.

46. Defendant's infringement of the '489 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ANSWER**: Denied.

47. Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '489 Patent. To the best of Plaintiff's knowledge and belief, no authorized products that are required to be marked with the number of the '489 Patent are being made, used, sold, offered for sale, or imported into the U.S. by a third party. In addition, Defendant has had actual notice of the '489 Patent since at least as early as the filing of the original Complaint.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and/or legal conclusions in Paragraph 47 and therefore denies them.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-16-

CASE NO. 2:26-cv-00943

48.     Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained as a result of Defendant's infringement of the '489 Patent, including, without limitation, a reasonable royalty.

**ANSWER**:  Denied.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,591,062

49.     Plaintiff incorporates by reference and re-alleges the foregoing paragraphs as if fully set forth herein.

**ANSWER**: Defendant incorporates by reference its answers to Paragraphs 1 through 48, *supra*, as if set forth in full herein.

50.     Defendant has infringed and is infringing, either literally or under the doctrine of equivalents, the '062 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license products, including but not limited to the Globe Electric ST19 Vintage Bulb, among other substantially similar products (collectively, the "'062 Accused Products").

**ANSWER**:  Denied.

51.     By way of non-limiting example(s), set forth below (with claim language in bold and italics) is exemplary evidence of infringement of claim 7 of the '062 Patent. This description is based on publicly available information. Plaintiff reserves the right to modify this description, including, for example, on the basis of information about the '062 Accused Products that it obtains during discovery.

**ANSWER**:  Denied.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-17-

52.    7(a): A lamp comprising: an optically transmissive enclosure;—The Globe Electric ST19 Vintage Bulb is a lamp comprising an optically transmissive enclosure as seen in Figure 1B - 1:



Figure 1B - 1

**ANSWER**: Denied.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-18-

53.    7(b): a base comprising an Edison screw adapted to engage an Edison socket;— The Globe Electric ST19 Vintage Bulb includes a base comprising an Edison screw adapted to engage an Edison socket as seen in Figure 1B — 2 to Figure 1B - 3:



Figure 1B - 2



Figure 1B - 3

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

**ANSWER**: Denied.

54.    7(c): an LED assembly connected to the base and extending into the optically transmissive enclosure,— The Globe Electric ST19 Vintage Bulb includes an LED assembly connected to the base and extending into the optically transmissive enclosure as seen in Figure 1B - 4:



Figure 1B - 4

**ANSWER**: Denied.

55.    7(d): the LED assembly comprising a plurality of LEDs operable to emit light when energized through an electrical path from the base,— The Globe Electric ST19 Vintage Bulb includes an LED assembly comprising a plurality of

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-20-

CASE NO. 2:26-cv-00943

LEDs operable to emit light when energized through an electrical path from the base as seen in Figure 1B - 5:



Figure 1B – 5

**ANSWER**: Denied.

56.    7(e): the LED assembly is arranged such that the plurality of LEDs are disposed about a longitudinal axis of the lamp in a band and face outwardly toward the enclosure to create a source of the light that visibly appears as a centrally glowing area.— The Globe Electric ST19 Vintage Bulb includes an LED assembly comprising a plurality of LEDs that are disposed about a longitudinal axis of the lamp in a band and face outwardly toward the enclosure to create a source of light that visibly appears as a centrally glowing area as seen in Figure 1B — 6 to Figure 1B - 7:

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT



Figure 1B - 6



Figure 1B – 7

**ANSWER**:  Denied.

57.    At least as early as the filing of the original Complaint, Defendant had knowledge of the '062 Patent, that the '062 Patent was being infringed and that Defendant was not granted a license by Plaintiff. Upon information and belief,

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant has continued to make, use, sell, offer for sale or import the '062 Accused Products with and despite the foregoing knowledge.

**ANSWER**: Denied.

58.    Defendant has continued to actively induce infringement of the '062 Patent by, for example, selling the '062 Accused Products to others with the intention that they will use the Accused Products without Plaintiff's license or permission and actively encouraging the unauthorized making of the '062 Accused Products by third parties from whom Defendant purchases the LED packages used or incorporated into the '062 Accused Products.

**ANSWER**: Denied.

59.    By and through its actions, Defendant has also continued active contributory infringement of the '062 Patent. Defendant has, for example, continued to purchase and incorporate into the '062 Accused Products LED packages and components that it knows are material to the practicing of the claimed inventions and have no substantial non-infringing use other than as a component of LED products accused herein. Upon information and belief, the LED packages and components with the structure, function and operation of the claimed inventions were specifically selected by Defendant for use in the '062 Accused Products.

**ANSWER**: Denied.

60.    Defendant's infringement of the '062 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S .C. § 285.

**ANSWER**: Denied.

61.    Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '062 Patent. To the best of Plaintiff's knowledge and belief, no authorized products that are required to be marked with the number of the '062 Patent are being made, used, sold, offered for

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-23-

sale, or imported into the U.S. by a third party. In addition, Defendant has had actual notice of the '062 Patent since at least as early as the filing of the original Complaint.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and/or legal conclusions in Paragraph 61 and therefore denies them.

62.    Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained as a result of Defendant's infringement of the '062 Patent, including, without limitation, a reasonable royalty.

**ANSWER**: Denied.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 8,684,559

63.    Plaintiff incorporates by reference and re-alleges 1-62 of the Complaint as if fully set forth herein.

**ANSWER**: Defendant incorporates by reference its answers to Paragraphs 1 through 62, *supra*, as if set forth in full herein.

64.    Defendant has infringed and is infringing, either literally or under the doctrine of equivalents, the '559 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license products, including but not limited to the Globe Electric ST19 Vintage Bulb, and Globe Electric B11 Vintage LED, among other substantially similar products (collectively, the "'559 Accused Products").

**ANSWER**: Denied.

65.    As non-limiting examples, set forth below (with claim language in bold and italics) is exemplary evidence of infringement of claim 1 of the '559 Patent. This description is based on publicly available information. Plaintiff reserves the right to modify this description, including, for example, on the basis of information about the '559 Accused Products that it obtains during discovery.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-24-

**ANSWER**:  Denied.

66.    1(a): A light emitting diode (LED) device, comprising: an LED light source capable of emitting light in an emission spectrum; and — The Globe Electric ST19 Vintage Bulb is a light emitting diode device comprising an LED light source capable of emitting light in an emission spectrum as seen in Figure 1C-1 to Figure 1C-2:



Figure 1C – 1

Figure 1C - 2

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-25-

**ANSWER**: Denied.

67.    1(b): a filter arranged so that at least some light from said LED light source passes through said filter, and said filter filtering at least some of said light source emission spectrum, said light source light having a different color temperature but substantially the same CRI after passing through said filter.— The Globe Electric ST19 Vintage Bulb includes a filter arranged so that at least some light from said LED light source passes through the filter such that the light source light has a different color temperature but substantially the same CRI after passing through the filter as seen in Figure 1C — 3 to Figure 1C — 7:



Figure 1C – 3



Figure 1C – 4

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-26-



Figure 1C – 5

Figure 1C – 6 (CRI without filter)

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S COMPLAINT

Figure 1C – 5 (CRI with filter)

**ANSWER**: Denied.

68.    At least as early as the filing of the original Complaint, Defendant had knowledge of the '559 Patent, that the '559 Patent was being infringed and that Defendant was not granted a license by Plaintiff. Upon information and belief, Defendant has continued to make, use, sell, offer for sale or import the '559 Accused Products with and despite the foregoing knowledge.

**ANSWER**: Denied.

69.    Defendant has continued to actively induce infringement of the '559 Patent by, for example, selling the '559 Accused Products to others with the intention that they will use the Accused Products without Plaintiff's license or permission and actively encouraging the unauthorized making of the '559 Accused Products by third parties from whom Defendant purchases the LED packages used or incorporated into the '559 Accused Products.

**ANSWER**: Denied.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-28-

70.    By and through its actions, Defendant has also continued active contributory infringement of the '559 Patent. Defendant has, for example, continued to purchase and incorporate into the '559 Accused Products LED packages and components that it knows are material to the practicing of the claimed inventions and have no substantial non-infringing use other than as a component of LED products accused herein. Upon information and belief, the LED packages and components with the structure, function and operation of the claimed inventions were specifically selected by Defendant for use in the '559 Accused Products.

**ANSWER**: Denied.

71.    Defendant's infringement of the '559 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S .C. § 285.

**ANSWER**: Denied.

72.    Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '559 Patent. To the best of Plaintiff's knowledge and belief, no authorized products that are required to be marked with the number of the '559 Patent are being made, used, sold, offered for sale, or imported into the U.S. by a third party. In addition, Defendant has had actual notice of the '559 Patent since at least as early as the filing of the original Complaint.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and/or legal conclusions in Paragraph 72 and therefore denies them.

73.    Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained as a result of Defendant's infringement of the '559 Patent, including, without limitation, a reasonable royalty.

**ANSWER**: Denied.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 9,410,687

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

74.    Plaintiff incorporates by reference and re-alleges the foregoing paragraphs as if fully set forth herein.

**ANSWER**: Defendant incorporates by reference its answers to Paragraphs 1 through 73, *supra*, as if set forth in full herein.

75.    Defendant has infringed and is infringing, either literally or under the doctrine of equivalents, the '687 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license products, including but not limited to the Globe Electric ST19 Vintage Bulb, and Globe Electric B11 Vintage LED, among other substantially similar products (collectively, the "'687 Accused Products").

**ANSWER**: Denied.

76.    As non-limiting examples, set forth below (with claim language in bold and italics) is exemplary evidence of infringement of claim 1 of the '687 Patent. This description is based on publicly available information. Plaintiff reserves the right to modify this description, including, for example, on the basis of information about the '687 Accused Products that it obtains during discovery.

**ANSWER**: Denied.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-30-

77.    1(a): A lamp comprising: an optically transmissive enclosure; — The Globe Electric ST19 Vintage Bulb is a lamp comprising an optically transmissive enclosure as seen in Figure 1D - 1:



Figure 1D - 1

**ANSWER**:  Denied.

78.    1(b): a base connected to the enclosure to define an interior space in the optically transmissive enclosure and a longitudinal axis extending from the base to the enclosure;— The Globe Electric ST19 Vintage Bulb includes a base connected to the enclosure to define an interior space in the optically transmissive enclosure and a longitudinal axis extending from the base to the enclosure as seen in Figure 1D — 2 to Figure 1D — 3:

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-31-



Figure 1D - 2

Figure 1D - 3

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-32-

**ANSWER**: Denied.

79.    1(c): a tower extending from the base and extending into the interior space of the optically transmissive enclosure and supporting an LED assembly in the optically transmissive enclosure, the LED assembly comprising a plurality of LEDs operable to emit light when energized through an electrical path from the base, the tower and the LED assembly are arranged such that the plurality of LEDs are disposed about the periphery of the tower in a band at the optical center of the enclosure along the longitudinal axis and face outwardly toward the enclosure to create a source of the light that appears as a glowing filament. — The Globe Electric ST19 Vintage Bulb includes a tower extending from the base and extending into the interior space of the optically transmissive enclosure and supporting an LED assembly in the optically transmissive enclosure that comprises a plurality of LEDs operable to emit light when energized through an electrical path from the base, the tower and the LED assembly are arranged such that the plurality of LEDs are disposed about the periphery of the tower in a band at the optical center of the enclosure along the longitudinal axis and face outwardly toward the enclosure to create a source of the light that appears as a glowing filament as seen Figure 1D — 4 to Figure 1D— 8.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT



Figure 1D - 4

Figure 1D – 5

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-34-



Figure 1D - 6

Figure 1D – 7

The LED Assembly faces outwards towards the enclosure

Figure 1D - 8

**ANSWER**: Denied.

80.     At least as early as the filing of the original Complaint, Defendant had knowledge of the '687 Patent, that the '687 Patent was being infringed and that Defendant was not granted a license by Plaintiff. Upon information and belief, Defendant has continued to make, use, sell, offer for sale or import the '687 Accused Products with and despite the foregoing knowledge.

**ANSWER**: Denied.

81.     Defendant has continued to actively induce infringement of the '687 Patent by, for example, selling the '687 Accused Products to others with the intention that they will use the Accused Products without Plaintiff's license or permission and actively encouraging the unauthorized making of the '687 Accused Products by third parties from whom Defendant purchases the LED packages used or incorporated into the '687 Accused Products.

**ANSWER**: Denied.

82.     By and through its actions, Defendant has also continued active contributory infringement of the '687 Patent. Defendant has, for example, continued

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

to purchase and incorporate into the '687 Accused Products LED packages and components that it knows are material to the practicing of the claimed inventions and have no substantial non-infringing use other than as a component of LED products accused herein. Upon information and belief, the LED packages and components with the structure, function and operation of the claimed inventions were specifically selected by Defendant for use in the '687 Accused Products.

**ANSWER**: Denied.

83.  Defendant's infringement of the '687 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S .C. § 285.

**ANSWER**: Denied.

84.  Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '687 Patent. To the best of Plaintiff's knowledge and belief, no authorized products that are required to be marked with the number of the '687 Patent are being made, used, sold, offered for sale, or imported into the U.S. by a third party. In addition, Defendant has had actual notice of the '687 Patent since at least as early as the filing of the original Complaint.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and/or legal conclusions in Paragraph 84 and therefore denies them.

85.  Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained as a result of Defendant's infringement of the '687 Patent, including, without limitation, a reasonable royalty.

**ANSWER**: Denied.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 8,752,983**

86.  Plaintiff incorporates by reference and re-alleges the foregoing paragraphs as if fully set forth herein.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

**ANSWER**: Defendant incorporates by reference its answers to Paragraphs 1 through 85, *supra*, as if set forth in full herein.

87.     Defendant has infringed and is infringing, either literally or under the doctrine of equivalents, the '983 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license products, including but not limited to the Globe Electric ST19 Vintage Bulb, Globe Electric G25 Smart Filament Bulb, and Globe Electric B11 Vintage LED, among other substantially similar products (collectively, the "'983 Accused Products").

**ANSWER**:  Denied.

88.     By way of non-limiting example(s), set forth below (with claim language in bold and italics) is exemplary evidence of infringement of claim 1 of the '983 Patent. This description is based on publicly available information. Plaintiff reserves the right to modify this description, including, for example, on the basis of information about the '983 Accused Products that it obtains during discovery.

**ANSWER**:  Denied.

89.     1(a): A lamp comprising: an optically transmissive enclosure and a base defining an axis of the lamp that extends from the base to the enclosure; The Globe Electric ST19 Vintage Bulb is a lamp comprising an optically transmissive enclosure and a base defining an axis of the lamp that extends from the base to the enclosure as seen in Figure lE - 1:

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT



Figure 1E - 1

**ANSWER**:  Denied.

90.    1(b): an LED array disposed in a center of the optically transmissive enclosure operable to emit light when energized through an electrical connection,— The Globe Electric ST19 Vintage Bulb comprises an LED array positioned in a center of the optically transparent enclosure that emits light when energized through an electrical connection as seen in Figure lE — 2 to Figure lE — 3.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT



Figure 1E – 2



Figure 1E - 3

**ANSWER**:  Denied.

91.    1(c): comprising a submount made of a thermally conductive material supporting a plurality of LEDs arranged in a band about the axis of the lamp; The

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Globe Electric ST19 Vintage Bulb includes LED array that comprises a submount made of a thermally conductive material that supports a plurality of LEDs arranged in a band around the axis of the lamp as seen in Figure lE — 4 to Figure lE — 5.



Figure 1E – 4



Figure 1E - 5

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S COMPLAINT

-41-

**ANSWER**: Denied.

92.    1 (d): a gas contained in the enclosure to provide thermal coupling to the LED array; and — The Globe Electric ST19 Vintage Bulb comprises a gas, such as helium, contained within the enclosure to provide thermal coupling to the LED array as seen in Figure lE - 6.



Figure 1E - 6

**ANSWER**: Denied.

93.    1 (d): a heat sink structure thermally coupled to the LED array for transmitting heat from the LED array to the gas. — The Globe Electric ST19 Vintage Bulb includes a heat sink structure that is thermally coupled to the LED array to transmit heat from the LED array to the gas as seen in Figure lE - 7.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT



Figure 1E - 7

**ANSWER**: Denied.

94.    At least as early as the filing of the original Complaint, Defendant had knowledge of the '983 Patent, that the '983 Patent was being infringed and that Defendant was not granted a license by Plaintiff. Upon information and belief, Defendant has continued to make, use, sell, offer for sale or import the '983 Accused Products with and despite the foregoing knowledge.

**ANSWER**: Denied.

95.    Defendant has continued to actively induce infringement of the '983 Patent by, for example, selling the '983 Accused Products to others with the intention that they will use the Accused Products without Plaintiff's license or permission and actively encouraging the unauthorized making of the '983 Accused

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Products by third parties from whom Defendant purchases the LED packages used or incorporated into the '983 Accused Products.

**ANSWER**: Denied.

96.    By and through its actions, Defendant has also continued active contributory infringement of the '983 Patent. Defendant has, for example, continued to purchase and incorporate into the '983 Accused Products LED packages and components that it knows are material to the practicing of the claimed inventions and have no substantial non-infringing use other than as a component of LED products accused herein. Upon information and belief, the LED packages and components with the structure, function and operation of the claimed inventions were specifically selected by Defendant for use in the '983 Accused Products.

**ANSWER**: Denied.

97.    Defendant's infringement of the '983 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ANSWER**: Denied.

98.    Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '983 Patent. To the best of Plaintiff's knowledge and belief, no authorized products that are required to be marked with the number of the '983 Patent are being made, used, sold, offered for sale, or imported into the U.S. by a third party. In addition, Defendant has had actual notice of the '983 Patent since at least as early as the filing of the original Complaint.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and/or legal conclusions in Paragraph 98 and therefore denies them.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-44-

CASE NO. 2:26-cv-00943

99.     Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained as a result of Defendant's infringement of the '983 Patent, including, without limitation, a reasonable royalty.

**ANSWER**: Denied.

### COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 10,260,683

100. Plaintiff incorporates by reference and re-alleges the foregoing paragraphs as if fully set forth herein.

**ANSWER**: Defendant incorporates by reference its answers to Paragraphs 1 through 99, *supra*, as if set forth in full herein.

101.     Defendant has infringed and is infringing, either literally or under the doctrine of equivalents, the '683 Patent in violation of 35 U.S.C. § 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license products, including but not limited to the Globe Electric Smart G25 Filament Bulb, among other substantially similar products (collectively, the "'683 Accused Products").

**ANSWER**: Denied.

102.     By way of non-limiting example(s), set forth below (with claim language in bold and italics) is exemplary evidence of infringement of claim 1 of the '683 Patent. This description is based on publicly available information. Plaintiff reserves the right to modify this description, including, for example, on the basis of information about the '683 Accused Products that it obtains during discovery.

**ANSWER**: Denied.

103.    1(a): A lamp comprising: an optically transmissive enclosure for emitting an emitted light; — The Globe Electric G25 Smart Filament Bulb is a lamp comprising an optically transmissive enclosure for emitted light as seen in Figure 1F - 1:

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT



Figure 1F – 1

**ANSWER**:  Denied.

104. 1(b): a base connected to the enclosure,— The Globe Electric G25 Smart Filament Bulb comprises a base connected to the enclosure as seen in Figure 1F — 2.

Figure 1F – 2

**ANSWER**:  Denied.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

105. 1(c): at least one first LED filament and at least one second LED filament in the enclosure operable to emit light when energized through an electrical path from the base, the at least one first LED filament emitting light having a first correlated color temperature (CCT) and the at least one second LED filament emitting light having a second CCT that are combined to generate the emitted light, the at least one first LED filament and the at least one second LED filament being arranged in a plurality of groups where each group of the plurality of groups comprises at least one first LED filament and at least one second LED filament; — The Globe Electric G25 Smart Filament Bulb includes at least one first LED filament and at least one second LED filament in the enclosure operable to emit light when energized through an electrical path from the base, the at least one first LED filament emitting light having a first correlated color temperature (CCT) and the at least one second LED filament emitting light having a second CCT that are combined to generate the emitted light, the at least one first LED filament and the at least one second LED filament being arranged in a plurality of groups where each group of the plurality of groups comprises at least one first LED filament and at least one second LED filament as seen in Figure 1F — 3 to Figure 1F — 7.



Figure 1F - 3

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-47-



Figure 1F – 4



Second LED Filament emitting light having a second CCT

Figure 1F - 5

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-48-

CASE NO. 2:26-cv-00943



Figure 1F – 6



First and second filament arranged in a group

Figure 1F – 7

**ANSWER**:  Denied.

106. 1 (d): and a controller that changes the CCT of the emitted light when the lamp is dimmed. — The Globe Electric G25 Smart Filament Bulb comprises a

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S COMPLAINT

controller that changed the CCT of the emitted light when the lamp is dimmed as seen in Figure 1F — 8 to Figure 1F — 9.



Figure 1F – 8



Figure 1F – 9

**ANSWER**: Denied.

107. At least as early as the filing of the original Complaint, Defendant had knowledge of the '683 Patent, that the '683 Patent was being infringed and that Defendant was not granted a license by Plaintiff. Upon information and belief,

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-50-

Defendant has continued to make, use, sell, offer for sale or import the '683 Accused Products with and despite the foregoing knowledge.

**ANSWER**: Denied.

108. Defendant has continued to actively induce infringement of the '683 Patent by, for example, selling the '683 Accused Products to others with the intention that they will use the Accused Products without Plaintiff's license or permission and actively encouraging the unauthorized making of the '683 Accused Products by third parties from whom Defendant purchases the LED packages used or incorporated into the '683 Accused Products.

**ANSWER**: Denied.

109. By and through its actions, Defendant has also continued active contributory infringement of the '683 Patent. Defendant has, for example, continued to purchase and incorporate into the '683 Accused Products LED packages and components that it knows are material to the practicing of the claimed inventions and have no substantial non-infringing use other than as a component of LED products accused herein. Upon information and belief, the LED packages and components with the structure, function and operation of the claimed inventions were specifically selected by Defendant for use in the '683 Accused Products.

**ANSWER**: Denied.

110. Defendant's infringement of the '683 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ANSWER**: Denied.

111. Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '683 Patent. To the best of Plaintiff's knowledge and belief, no authorized products that are required to be marked with the number of the '683 Patent are being made, used, sold, offered for

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

sale, or imported into the U.S. by a third party. In addition, Defendant has had actual notice of the '683 Patent since at least as early as the filing of the original Complaint.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and/or legal conclusions in Paragraph 111 and therefore denies them.

112. Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained as a result of Defendant's infringement of the '683 Patent, including, without limitation, a reasonable royalty.

**ANSWER**: Denied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A.      That Judgment be entered that Defendant has infringed at least one or more claims of the Patents-in-Suit, directly and/or indirectly, literally and/or under the doctrine of equivalents;

B.      An award of damages adequate to compensate Plaintiff for the infringement of the Patents-in-Suit by Defendant, including, but not limited to, lost profits, where such damages should be no less than a reasonable royalty under 35 U.S.C. § 284, together with costs;

C.      That this Court award damages for future infringement up to the expiry of the Patents-in-Suit;

D.      That the case be found exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees;

E.      Costs and expenses in this action;

F.      An award of prejudgment and post-judgment interest; and

G.      Such other and further relief as the Court may deem just and proper.

**ANSWER**: Defendant denes that Plaintiff is entitled to any relief from Defendant, much less the relief set forth above, specifically including Plaintiff's prayer for

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-52-

damages, at least because the claims of each of the Patents-in-Suit are not valid, not enforceable, and not infringed by Defendant.  Defendant specifically denies all of the allegations in subparagraphs (A) – (G) of Plaintiff's Prayer for Relief.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

**ANSWER**: Defendant admits that Plaintiff requests a jury trial.  Defendant denies any express or implied allegations of the Complaint not otherwise responded to in this Answer.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant pleads the following affirmative defenses to the allegations in Plaintiff's Complaint:

### First Affirmative Defense
### Non-Infringement

Defendant does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claims of the '489, '062, '559, '687, '983 and/or '683 Patents (collectively, the "Patents-in-Suit").

### Second Affirmative Defense
### Invalidity Pursuant to 35 U.S.C. § 101

At least one or more of the claims of each of the Patents-in-Suit is invalid for failure to meet the statutory requirements set forth in 35 U.S.C. § 101, including but not limited to improper inventorship and non-patentable subject matter.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-53-

**Third Affirmative Defense**
**Invalidity Pursuant to 35 U.S.C. § 102**

At least one or more of the claims of each of the Patents-in-Suit is invalid for failure to meet the statutory requirements set forth in 35 U.S.C. § 102.

**Fourth Affirmative Defense**
**Invalidity Pursuant to 35 U.S.C. § 103**

At least one or more of the claims of each of the Patents-in-Suit is invalid for failure to meet the statutory requirements set forth in 35 U.S.C. § 103.

**Fifth Affirmative Defense**
**Invalidity Pursuant to 35 U.S.C. § 112**

Each of the Patents-in-Suit does not meet the requirements set forth in 35 U.S.C. § 112 and is invalid and void against Defendant, for either or both of the following reasons:

(a) The specifications of the Patents-in-Suit are incomplete, vague, and indefinite and do not contain a written description of the alleged invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable a person skilled in the art to which it pertains, to make and use the same; and/or

(b) The claims of the Patents-in-Suit are vague and indefinite and fail to particularly point out and distinctly claim the subject matter of the alleged invention.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-54-

### Sixth Affirmative Defense
### Limitation on Damages Pursuant to 35 U.S.C. § 286

Any recovery by Plaintiff is limited by 35 U.S.C. § 286 to any alleged infringement that occurred within the limitations period of six years prior to the filing of the Complaint.

### Seventh Affirmative Defense
### Failure to Mark Pursuant to 35 U.S.C. § 287

Any recovery by Plaintiff is limited to any alleged infringement that occurred after the filing of the Complaint or after Plaintiff provided actual notice of the Patents-in-Suit to Defendant, as Plaintiff, the prior owners of the Patents-in-Suit, and/or the prior owners' licensees have failed to mark any products made under the Patents-in-Suit in conformance with the requirements of 35 U.S.C. § 287.

### Eighth Affirmative Defense
### Unclean Hands

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### Ninth Affirmative Defense
### Prosecution History Estoppel, Prosecution Disclaimer, and Specification Disclaimer

Plaintiff's claims are barred in whole or in part under the doctrines of prosecution history estoppel, prosecution disclaimer, and/or specification disclaimer.

### Tenth Affirmative Defense
### Patent Misuse

Plaintiff's claims are barred under the doctrine of patent misuse.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

## Eleventh Affirmative Defense
### Waiver, Implied License, Estoppel, and Acquiescence

Plaintiff's claims are barred by the doctrines of waiver, acquiescence, implied license, and/or equitable estoppel.

## Twelfth Affirmative Defense
### Failure to State a Claim

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## Thirteenth Affirmative Defense
### Lack of Standing

Plaintiff's lack standing to assert the Patents-in-Suit.

## Fourteenth Affirmative Defense
### Limitation on Indirect Infringement Claims

Plaintiff's claims of indirect infringementare barred because Defendant did not have: (i) actual knowledge of the Patents-in-Suit; (ii) actual knowledge of the alleged infringement of the Patents-in-Suit by any third parties; and/or (iii) any specific intent for any third parties to infringe the Patents-in-Suit.

## Fifteenth Affirmative Defense
### License and Patent Exhaustion

Plaintiff's claims are barred because Defendant, its suppliers, and/or its customers are licensed and Plaintiff's claims are exhausted.

## Sixteenth Affirmative Defense
### Judicial Estoppel, Collateral Estoppel, and Law of the Case

Plaintiff's claims are barred in whole or in part under the doctrines of judicial estoppel, collateral estoppel, and/or law of the case.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

## COUNTERCLAIMS

For its Counterclaims against Pacem IP Holdings LLC ("Counterclaim-Defendant"), Counterclaim-Plaintiff Globe Electric Company (U.S.A.), Inc. ("Globe" or "Counterclaim-Plaintiff") alleges as follows:

## THE PARTIES

1.      Globe is a corporation organized under the laws of Delaware and has a principal place of business at 150 Oneida Ave., Pointe-Claire, Quebec H9R1A4, Canada.

2.      On information and belief, Counterclaim-Defendant Pacem IP Holdings LLC is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 17330 Preston Road, Suite 200D, Dallas, Texas 75252.

## JURISDICTION

3.      Counterclaim-Plaintiff's Counterclaims are for declaratory relief relating to the Patents-in-Suit.  Accordingly, this Court has subject matter jurisdiction over the Counterclaim-Plaintiff's Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, as well as the Patent Act, 35 U.S.C. § 1, *et seq.*

4.      Counterclaim-Defendant alleges that it owns all right, title and interest in, and has standing to sue for infringement of the Patents-in-Suit.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-57-

5. Counterclaim-Defendant has conceded that this Court is a proper venue as to Counterclaim-Defendant by filing the present lawsuit in this Court alleging that Counterclaim-Plaintiff infringes the Patents-in-Suit.[1]

6. Counterclaim-Defendant has submitted itself to this Court's jurisdiction by alleging, in the present lawsuit, that Counterclaim-Plaintiff infringes the Patents-in-Suit. Accordingly, an actual case or controversy between Counterclaim-Plaintiff and Counterclaim-Defendant exists and is of such immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '489 PATENT

7. Counterclaim-Plaintiff incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-5, above, as if set forth fully herein.

8. Counterclaim-Plaintiff does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of U.S. Patent No. RE48,489.

9. Counterclaim-Plaintiff seeks a declaratory judgment that it has not and

---

[1] Counterclaim-Plaintiff does not concede that this District is a proper venue to hear Plaintiff's infringement claims against it. Counterclaim-Plaintiff maintains that this District is an improper venue for at least the reasons raised in its Motion to Dismiss for Improper Venue and its Reply regarding the same (Dkt Nos. 20, 27). Counterclaim-Plaintiff reserves all rights to challenge the Court's order regarding venue (Dkt. No. 33) on appeal.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

does not infringe any claim of the '489 patent.

## COUNT II

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '489 PATENT

10. Counterclaim-Plaintiff incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-8, above, as if set forth fully herein.

11. The claims of the '489 patent are invalid for failure to meet the conditions of patentability or to otherwise comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

12. Counterclaim-Plaintiff seeks a declaratory judgment that the claims of the '489 patent are invalid for failure to meet the conditions of patentability or to otherwise comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT III

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '062 PATENT

13. Counterclaim-Plaintiff incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-11, above, as if set forth fully herein.

14. Counterclaim-Plaintiff does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of U.S. Patent No. 8,591,062.

15. Counterclaim-Plaintiff seeks a declaratory judgment that it has not and

does not infringe any claim of the '062 patent.

## COUNT IV

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '062 PATENT

16. Counterclaim-Plaintiff incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-14, above, as if set forth fully herein.

17. The claims of the '062 patent are invalid for failure to meet the conditions of patentability or to otherwise comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

18. Counterclaim-Plaintiff seeks a declaratory judgment that the claims of the '062 patent are invalid for failure to meet the conditions of patentability or to otherwise comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT V

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '559 PATENT

19. Counterclaim-Plaintiff incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-17, above, as if set forth fully herein.

20. Counterclaim-Plaintiff does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of U.S. Patent No. 8,684,559.

21. Counterclaim-Plaintiff seeks a declaratory judgment that it has not and

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

-60-

CASE No. 2:26-cv-00943

does not infringe any claim of the '559 patent.

## COUNT VI

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '559 PATENT

22.    Counterclaim-Plaintiff incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-20, above, as if set forth fully herein.

23.    The claims of the '559 patent are invalid for failure to meet the conditions of patentability or to otherwise comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

24.    Counterclaim-Plaintiff seeks a declaratory judgment that the claims of the '559 patent are invalid for failure to meet the conditions of patentability or to otherwise comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT VII

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '687 PATENT

25.    Counterclaim-Plaintiff incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-23, above, as if set forth fully herein.

26.    Counterclaim-Plaintiff does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of U.S. Patent No. 9,410,687.

27.    Counterclaim-Plaintiff seeks a declaratory judgment that it has not and

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

does not infringe any claim of the '687 patent.

## COUNT VIII

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '687 PATENT

28. Counterclaim-Plaintiff incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-26, above, as if set forth fully herein.

29. The claims of the '687 patent are invalid for failure to meet the conditions of patentability or to otherwise comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

30. Counterclaim-Plaintiff seeks a declaratory judgment that the claims of the '687 patent are invalid for failure to meet the conditions of patentability or to otherwise comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT IX

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '983 PATENT

31. Counterclaim-Plaintiff incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-29, above, as if set forth fully herein.

32. Counterclaim-Plaintiff does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of U.S. Patent No. 8,752,983.

33. Counterclaim-Plaintiff seeks a declaratory judgment that it has not and

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

does not infringe any claim of the '983 patent.

## COUNT X

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '983 PATENT

34.     Counterclaim-Plaintiff incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-32, above, as if set forth fully herein.

35.     The claims of the '983 patent are invalid for failure to meet the conditions of patentability or to otherwise comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

36.     Counterclaim-Plaintiff seeks a declaratory judgment that the claims of the '983 patent are invalid for failure to meet the conditions of patentability or to otherwise comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT XI

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '683 PATENT

37.     Counterclaim-Plaintiff incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-35, above, as if set forth fully herein.

38.     Counterclaim-Plaintiff does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of U.S. Patent No. 10,260,683.

39.     Counterclaim-Plaintiff seeks a declaratory judgment that it has not and

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

does not infringe any claim of the '683 patent.

## COUNT XII

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '683 PATENT

40.    Counterclaim-Plaintiff incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-38, above, as if set forth fully herein.

41.    The claims of the '683 patent are invalid for failure to meet the conditions of patentability or to otherwise comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

42.    Counterclaim-Plaintiff seeks a declaratory judgment that the claims of the '683 patent are invalid for failure to meet the conditions of patentability or to otherwise comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiff respectfully requests the following relief:

A.    Dismissal of Counterclaim-Defendant's Complaint with prejudice, granting Counterclaim-Plaintiffs' Affirmative Defenses and Counterclaims, and denying each request for relief made by Counterclaim-Defendant;

B.    Entry of judgment in Counterclaim-Plaintiff's favor on each and every count of Counterclaim-Defendant's Complaint;

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

C.   Entry of an Order directing that Counterclaim-Plaintiff is not liable to Counterclaim-Defendant for any damages pursuant to Counterclaim-Defendant's Complaint;

D.   Entry of judicial declarations in favor of Counterclaim-Plaintiff under Counts I through XII of Counterclaim-Plaintiff's Counterclaims that:

  i.   No claims of the Patents-in-Suit are infringed by Counterclaim-Plaintiff; and

  ii.   the claims of the Patents-in-Suit are invalid.

E.   An award to Counterclaim-Plaintiff of compensatory damages, attorneys' fees and costs, and interest on its Affirmative Defenses and Counterclaims;

F.   Entry of an Order that Counterclaim-Plaintiff is the prevailing party, that this is an exceptional case under 35 U.S.C. § 285 because Counterclaim-Defendant brought its action with wrongful intent, or at least gross negligence, and with knowledge that the accused products do not and cannot infringe any valid claim of the Patents-in-Suit, with knowledge that the claims of the Patents-in-Suit are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, with knowledge that the claims of the Patents-in-Suit are unenforceable, and/or based on any other facts and circumstances warranting a finding of an exceptional case, in favor of Counterclaim-Plaintiff;

G.   An award to Counterclaim-Plaintiff of its reasonable attorney fees and costs pursuant to 35 U.S.C. § 285; and

H.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Counterclaim-Plaintiff requests a trial by jury on all issues so triable.

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

DATED: May 29, 2026

GREENBERG TRAURIG, LLP

By:  */s/ Samuel C. Means*
Samuel C. Means (SBN 349032)
Chase.means@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310.586.7700

Eric J. Maiers (*pro hac vice* to be filed)
eric.maiers@gtlaw.com
Matthew J. Levinstein (admitted *pro hac vice*)
levinsteinm@gtlaw.com
Erik M. Bokar (*pro hac vice* to be filed)
bokare@gtlaw.com
GREENBERG TRAURIG, LLP
360 N. Green St., Suite 1300
Chicago, IL 60607
T: 312.456.8400

*Attorneys for Defendant Globe Electric
Company (U.S.A.), Inc.*

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S COMPLAINT

-66-

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 29, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** through the Court's CM/ECF system under Local Rule CV-5(a)(3).

*/s/ Samuel C. Means*
Samuel C. Means

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT